Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISHNA T. HINDERLITER,<br><br>               Plaintiff,<br><br>   vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC., and MARK D. WALSH individually and in his official capacity,<br><br>               Defendant. | Case No. **'12CV2709 JAH KSC**<br><br>COMPLAINT |

**INTRODUCTION**

1.　　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.　　The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair

or deceptive collection practices undermine the public confidence essential to the continued functioning of a sound banking and credit system. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Krishna T. Hinderliter, (hereinafter "Plaintiff") against Legal Recovery Law Offices, Inc. and Mark D. Walsh, individually and in his official capacity (hereinafter "Defendants") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

4.      This action arises out of Defendant's violations of the FDCPA and Rosenthal Act.

5.      Jurisdiction arises pursuant to 28 U.S.C. §1391, 1337, 15 U.S.C. §1692(k)(d), and 47 U.S.C. §277 et seq. and 28 U.S.C. §1367 for supplemental state claims.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

7.      As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

8.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9.      Plaintiff is a natural person residing in Riverside County, California.

10.     Plaintiff is a "consumer" within the meaning of §1692a(3) being a natural person

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in §1692a(5) and California Civil Code §1788.2(f) and allegedly owed to Capitol One Bank (hereinafter "Debt").

11.    Plaintiff is a "debtor" as that term is defined by §1788.2(h).

12.    Plaintiff is a "person" as defined by 47 U.S.C. §153(10).

13.    Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by §1692a(6).

14.    Defendants in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined in California Civil Code §1788.2(c).

15.    At all times relevant herein, Defendants Legal Recovery Law Offices, Inc., was a company engaged, by use of the mails and telephone in the business of collecting debts, as defined by §1692a(5), and consumer debts as defined by §1788.2(f).

16.    Defendants Legal Recovery Law Offices, Inc., regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of §1692a(6) and §1788.2(c).

17.    At all times relevant herein, Defendant Mark D. Walsh was a natural person and an employee, agent, officer, member and/or director of Legal Recovery Law Offices, Inc., was a third party debt collector that was engaged, by use of the mails and telephone, in the business of collecting debts, as defined by §1692a(5), and consumer debts as defined by §1788.2(f).

18.    Mark D. Walsh regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of §1692a(6) and §1788.2(c).

19.    Mark Walsh is liable for the acts of Legal Recovery Law Offices, Inc., because he sets and approves the collection policies, practices and he directed the unlawful activities described herein.

## FACTUAL ALLEGATIONS

20.    Prior to November 5, 2008, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

21.    Prior to November 5, 2008, the alleged debt was assigned, placed or otherwise

transferred to Defendant for collection.

22.     At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to collect the debt as defined by §1692a(5) of the FDCPA and the consumer debt as defined by California Civil Code §1788.2(f) of the Rosenthal Act.

**Filing of State Court Action Containing Misrepresentations**

23.     On November 7, 2011, within one (1) year preceding of the filing of this Complaint, Defendant filed suit, against Plaintiff in the Superior Court of California, Riverside County, attempting to collect the debt (hereinafter "SCA") attached hereto, marked Exhibit "A" and incorporated by reference herein.

24.     The SCA contained and was a communication within the meaning of §1692a(2) of the FDCPA.

**Filing of State Court Action after Statute of Limitations Expired**

25.     Defendant on behalf of Capitol One Bank later filed a "Declaration of Plaintiff in Lieu of Personal Testimony at Trial," which had several documents attached as "Exhibit 1" to be introduced at the trial of that matter.

26.     On the third page of Exhibit 1, was a document titled: "Customer Agreement." On the second page of the document titled "Customer Agreement," is a paragraph entitled: "Governing Law," which states:

> This agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction of that the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties. This Agreement is made in Virginia. It will be governed only by Federal law and Virginia law (to the extent not preempted by Federal law).

27.     Based upon the terms and conditions of the "Customer Agreement," the laws of the Commonwealth of Virginia provide the governing law for this matter.

Virginia Code of Civil Procedure Section 8.01 states:

> 8.01-246. Personal actions based on contracts.

> Subject to the provisions of 8.01-243 regarding injuries to person and property and of

8.01-245 regarding the application of limitations to fiduciaries, and their bonds, actions founded upon a contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued:

4. In actions upon any unwritten contract, express or implied, within three years. (Bills based on an oral contract or open-end account, such as a credit card, fall under this code section)

Virginia Code of Civil Procedure Section 8.01-249 states:

8.01-249 When cause of action shall be deemed to accrue in certain personal actions. The cause of action in the actions herein listed shall be deemed to accrue as follows:

8. In actions on an open account, from the later of the last payment or last charge for goods or services rendered on the account.

28.    The "Declaration of Plaintiff in Lieu of Personal Testimony at Trial" further states that "[T]he records show that the last payment that Plaintiff received on the Account, posted to the account on 07/30/2008." (Page 3, Paragraph 12, lines 19-20).

29.    The Virginia Statute of Limitations period began to run on July 30, 2008, and the three year period expired on or about July 30, 2011 (at least five months prior to Defendants' filing of the complaint).

30.    Defendants' claims against Plaintiff accrued more than three years prior to the filing of the SCA. As such the SCA was filed more than three years after the statute of limitations had run.

31.    This violated the FDCPA. See, e.g., *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F.Supp.2d 1247 (D. Mont. 2009); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M Collections, Inc.*, 754 F.Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed Fin. Corp.*, 668 F.Supp. 1480, 1489 (M.D. Ala. 1987).

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants misrepresented the legal status of the debt, in that the debt was beyond the applicable statute of limitations, and that Defendants attempted to collect a debt that was barred by the applicable statute of limitations.

33.    Presuming without conceding Defendants raise the bona fide error defense under §1692k(c) of the FDCPA, it does not apply to incorrect legal interpretations such as statute of limitations. See, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624 (2010).

///

**Unlawful Interest Rate**

34.     Defendant misrepresented the character, amount and legal status of the debt.

35.     Defendant attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

36.     Defendant collected or attempted to collect unlawful interest.

37.     In the SCA, Defendant claims a right to a fixed annual interest rate of 24 percent. Defendant claims that right to a fixed interest rate of 24 percent when in fact, assuming without conceding there is any right to interest at all under a prior agreement with Capitol One Bank, it is a right to a variable rate or fixed rate ranging from less to more than the fixed rate alleged.

38.     The representation that the Plaintiff had previously agreed to pay a fixed rate of 24 percent per annum interest was untrue. Through this representation, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

39.     Additionally, there is no applicable statute that gives rise to a right to 24 percent fixed interest.

40.     Defendant cannot point to any contract giving rise to a right to that fixed rate of interest. All of the documents provided by Defendant, in the SCA litigation, clearly provide for a variable or other fixed rate. There is no basis in any document provided by Defendant to believe that Defendant or any other party, including Capitol One Bank, ever possessed the right to charge Plaintiff a fixed rate of interest of 24 percent.

41.     Defendant fabricated a claim to a fixed interest rate of 24 percent in order to maximize their profits and to avoid the task of calculating the correct rate under the contract they claim.

42.     By acting as stated above Defendant committed clear misrepresentations, and violations of. §1692e, §1692e(2)(A), §1692e(10), §1692f and §1692f(1) of the FDCPA.

43.     These misrepresentations were material. See *Donohue v. Quick Collect, Inc.* (9th Cir. 2010) 592 f 3d 1027, 1034 in which the court stated the rule clearly: "Misrepresenting the interest rate of a debt, or attempting to collect an inflated interest rate, is a violation of the FDCPA, as long as the misrepresentation is material.", citing *Hahn V Triumph Partnerships, LLC.* (7th Cir. 2007) 557 F 3d 755, 757, in which the Court found that "[a]pplying an incorrect rate of interest would lead to a real

injury…".

44.     As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

45.     Due to Defendants' actions, Plaintiff suffered further actual damages in the form of attorneys' fees and costs incurred in having to hire counsel and to defend against Defendants' untimely collection lawsuit.

46.     Defendants violated the FDCPA by: using misrepresentations or means in connection with the collection of debt, by means of the previously mentioned SCA, in violation of §§1692e, 1692e(2)(A), and 1692e(10) of the FDCPA; attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the previously mentioned SCA, in violation of §1692f(1) of the FDCPA.

47.     Because the above stated conduct violated certain portions of the FDCPA, as these portions are incorporated by reference in California Civil Code §1788.17, each of the foregoing acts and omissions also violated California Civil Code §1788.17.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

48.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

49.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of §1692 et seq.

50.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to §1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to §1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF
### (Claim for violations of the Rosenthal Act)

51.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in

the paragraphs above.

52. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code §1788.30(b) for violations of Civil Code §1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

53. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code §1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

54. Pursuant to California Civil Code §1788.32, the remedies provided under California Civil Code §§1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

55. As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code §1788.30(a), statutory damages of $1000.00 under California Civil Code §1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code §1788.17, and attorney's fees and costs under California Civil Code §1788.30(c), from the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Award of actual damages in accordance with proof at trial, pursuant to §1692k(a)(1) and California Civil Code §1788.30(a);

(5) Award of statutory damages of $1,000.00 pursuant to §1692k(a)(2)(A);

(6) Award of statutory damages of $1,000.00 pursuant to California Civil Code §1788.17[3] ;

(7) Award of the costs of litigation and reasonable attorney's fees, pursuant to §1692k(a)(3) and California Civil Code §1788.30(c);

(8) Such other and further relief this court may deem just and proper.

---

[3] §1692k(a)(2)(A)of the FDCPA

1

## **TRIAL BY JURY**

56.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated November 6, 2012

**Lester & Associates**

By     */s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
pl@lesterlaw.com

9