UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA T. HINDERLITER,<br><br>             Plaintiff,<br>v.<br>LEGAL RECOVERY LAW OFFICES, INC., *et al.*,<br><br>             Defendants. | Civil No. 12cv2709 JAH(KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DOC. # 10]** |

## INTRODUCTION

On April 22, 2013, this matter came on regularly for hearing on the motion for default judgment filed by Krishna T. Hinderliter ("plaintiff"). Plaintiff was represented by Patric Lester. Defendants did not appear. After a careful consideration of the pleadings and relevant exhibits submitted by plaintiff, and for the reasons set forth below, this Court GRANTS plaintiff's motion for default judgment and enters judgment in favor of plaintiff in the amount of $11,837.50.

## BACKGROUND

Plaintiff filed the instant complaint on November 6, 2012, alleging defendants Legal Recovery Law Offices, Inc., and Mark D. Walsh (collectively "defendants") violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and California's Rosenthal Fair Debt Collections Practices Act ("the Rosenthal Act"), Cal.Civ. Code § 1788, *et seq.*, by filing a lawsuit in state court seeking to collect (1) on a debt of

which the statute of limitations had expired, (2) a principal balance that was incorrect, (3) an unauthorized amount of interest, and (4) attorneys' fees they were not entitled to receive. *See* Doc. # 1 ¶¶ 23-47. After a year of litigation, the state court action was dismissed by defendants. Plaintiff seeks actual damages and statutory damages, along with costs and attorneys fees. Id. at 8.

Plaintiff properly served the complaint upon defendants. *See* Docs. # 4, 5. The Clerk of Court entered default on January 22, 2013. Doc. # 7. The instant motion was filed on February 22, 2013. Doc. # 6. No response to the motion has been filed.

## DISCUSSION

Plaintiff requests an entry of default judgment by the court in the amount of $11,837.50, consisting of the statutory maximum of $1,000 for violation of the FDCPA and $1,000 for violation of the Rosenthal Act (for a total of $2,000), plus attorney's fees of $3,912.50, using the lodestar method of calculation, costs in the amount of $505.00, and actual damages totaling $5,420.00 ($1,880.00 in attorneys' fees and costs for defending the state court action plus $3,540.00 in emotional distress damages).

**1.   Legal Standard**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Rule 55(b) allows default judgment to be entered by the Clerk of Court if the amount sought is "for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). In all other cases, the application must be made to the court. Fed. R. Civ. P. 55(b)(2). "If, in order to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper." Id. No judgment by default may be entered against "an infant or incompetent person...." Fed. R. Civ. P. 55(b)(2).

//

2.     **Analysis**

Plaintiff alleges that defendant violated the FDCPA and the RDCPA by wrongfully filing the state court action based on a time-barred debt, attempting to collect an improper amount, including interest and fees, and attempting to collect attorneys' fees they were not entitled to collect. *See* Doc. # 1 ¶¶ 23-47. Plaintiff contends that the facts set forth in the complaint adequately allege the conduct was willful, and that the acts of defendant were falsely and maliciously made, thereby entitling her to the maximum amount of statutory damages, $1,000.00 per violation. *See* Doc. # 10 at 5-6. Plaintiff further contends that the amount of attorneys' fees sought is reasonable, and she is entitled to an award of actual damages, including attorneys' fees and costs incurred in defending the state court action along with emotional distress damages. Id. at 6-8.

Based on a review of the record, this Court finds plaintiff's allegations sufficiently support a damages award for violation of both the FDCPA and the Rosenthal Act, in that plaintiff clearly alleges that defendants' acts were wilful and falsely and maliciously made. In addition, plaintiff's counsel has provided adequate support for the amount of attorney's fees and actual damages requested. *See* Lester Decl. ¶¶ 4-11 & Exhs. 1-3; Hinderliter Decl. ¶¶ 3-8. Thus, this Court finds plaintiff's request for the statutory maximum of $1,000 for each violation of the FDCPA and the Rosenthal Act, $3,912.50 in attorneys' fees, costs in the amount of $505.00, and actual damages totaling $5,420.00 is reasonable.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for default judgment [doc. # 10] is **GRANTED**; and
2.     The Clerk of Court shall enter default judgment in favor of plaintiff in the amount of $11,837.50.

Dated:     April 24, 2013

JOHN A. HOUSTON
United States District Judge